UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE L. SANDOVAL,<br><br>             Plaintiff,<br><br>v.<br><br>BAP RUSSO,<br><br>             Defendant. | Civil No. 09cv424 L(WMc)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [doc. #2]; DENYING MOTION TO APPOINT COUNSEL [doc. #3]; and DISMISSING THIS ACTION** |

       Plaintiff Grace L. Sandoval, proceeding *pro se*, has submitted a complaint pursuant to 18 U.S.C. § 1962.  With the complaint Plaintiff filed a Motion to Proceed *in Forma Pauperis* and a Request for Appointment of Counsel.

       All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Plaintiff's declaration shows she has insufficient income and assets to pay the filing fee.  Accordingly, Plaintiff's motion to proceed *in forma pauperis* is **granted**.

      The court is obligated to review a complaint filed *in forma pauperis* and must dismiss it if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  28

U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

A complaint will be considered frivolous, and therefore subject to dismissal under § 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A federal court cannot properly *sua sponte* dismiss an action commenced *in forma pauperis* applicant if the facts alleged in the complaint are merely "unlikely." *Denton*, 504 U.S. at 33. However, a complaint may be properly dismissed *sua sponte* if the allegations are found to be "fanciful," "fantastic," or "delusional," or if they rise to the level of the irrational or the wholly incredible." *Id*. In addition, cases which "merely repeat[] pending or previously alleged claims" may be dismissed as frivolous. *Caro v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). If a case is classified as frivolous, "there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (*en banc*).

In a 7-page complaint, devoid of any headings or even paragraphs, and a RICO case statement, Plaintiff offers a stream-of-consciousness account of alleged criminal activity. Plaintiff claims her action arises under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a), (b), (c) and/or (d). (*See* docket no. 1, Civil Cover Sheet.) Pursuant to 18 U.S.C. § 1964(c), "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court . . .." Plaintiff's current allegations of assault, personal injuries, rape, kidnaping, and burglary, allegedly perpetrated by Defendant and other persons whose connection to Defendant is unclear, are insufficient to state a RICO claim. "A civil RICO claim requires allegations of the conduct of an enterprise through a pattern of racketeering activity that proximately caused injury to the plaintiff." *Swartz v. KPMG LLP*, 476 F.3d 756, 760-61 (9th Cir. 2007). Specifically, the "elements of a civil RICO claim are as follows: (1) conduct (2) of

an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).  To establish liability, "one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Id.*  The allegations in the complaint do not provide a basis for an inference that the alleged criminal activity was a part of an enterprise or that Defendant was engaged in such an enterprise.  Accordingly, the complaint is dismissed because it fails to state a claim for a civil RICO violation.

Additionally, Plaintiff's allegations are fanciful and fantastic rather than merely unlikely.  An example of Plaintiff's "wholly incredible" allegations is that:

> The orphans from San Diego, California are demanded by the orphans from Santa Ana, California, O.J. Simpson, Patrick J. Clark, Chareles Yagoda, Gary Blake to force into my home and also in my two daughters home to take large amounts of human blood illegally, to take fluid from our human brain and body, to take flud from our human liver, to cause many injuries to our human body including our mouth, sex organ, etc.  The rapist are demanded to force their infected male sex organ into the human mouth of my two daughters . . . .  The orphans are demanded by Philip Rand to spread their multiple diseases including oral cancer, colon cancer, etc. on El Cajon Blvd, San Diego, Cailifornia and also to force into private homes to spread diseases.

(Complaint at 5-6.)

Although in some cases it may be difficult to judge whether a plaintiff's factual allegations are truly "fanciful," "fantastic," or "delusional" as opposed to merely "unlikely," this is not such a case.  *See Denton*, 504 U.S. at 33.  These allegations "rise[] to the level of irrational or the wholly incredible."  *Id.*  Accordingly, the complaint is dismissed as frivolous.  *See Lopez*, 203 F.3d at 1127 n.8.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Based on the foregoing, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Further, the complaint is **DISMISSED WITHOUT LEAVE TO AMEND.** Plaintiff's motion for appointment of counsel is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: March 4, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL